UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ERICK FERNANDO QUINTANA VALENZUELA,

Petitioner,

v.

FERETI SEMAIA, Warden, Adelanto ICE Processing Center, et al.,

Respondents.

No. 2:26-cv-04972-JDE

ORDER REGARDING PETITION

## I.

## PROCEEDINGS

On May 7, 2026, Erick Fernando Quintana Valenzuela ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241, challenging his ongoing detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). He contends that the immigration judge's ("IJ") denial of bond based on the allegations arising from a 2024 arrest that never resulted in criminal charges or a conviction violates his substantive and procedural due process rights and the

Administrative Procedure Act ("APA"). As for relief, Petitioner seeks his immediate release and a declaration that the bond decision violated due process and was an abuse of discretion; release on $1500 bond; or alternatively, a new bond hearing at which the government bears the burden of proof by clear and convincing evidence. Id. at 14. On May 15, 2026 2026, Respondents filed an Answer to the Petition. Dkt. 9 ("Ans."). Petitioner filed a Traverse on May 18, 3026. Dkt. 10 ("Trav.").

## II.

## BACKGROUND

Petitioner is a native and citizen of Guatemala. He arrived in the United States in 2004. Pet. ¶ 28. On November 19, 2025, Petitioner was arrested by immigration authorities outside his residence and taken into custody. Id. ¶¶ 3, 30. Petitioner's removal proceedings are ongoing. Id. ¶ 5. He has applied for cancellation of removal and has a petition for alien relative pending. Id. ¶¶ 5, 30. Petitioner previously filed a federal habeas petition, and the district court ordered a bond hearing. Id. ¶¶ 32-33. On January 15, 2026, Petitioner received a bond hearing, but the IJ denied bond, finding Petitioner failed to meet his burden to establish that he is not a danger to the community. Id. ¶ 33.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

Petitioner contends that his continued detention violates due process and the APA because the denial of bond is based on an August 2024 arrest that did not result in criminal charges or a conviction. Respondents clarify the seriousness of the charges, alleging he was arrested on felony charges for sexual abuse of a child, lewd or lascivious acts with a child under 14, and rape. Ans. at 2. As noted, Petitioner received a bond hearing at which he was represented by counsel and provided an opportunity to explain why detention was not warranted. Petitioner was denied bond because he failed to meet his burden to establish that he is not a danger to the community. Id. at 40 (CM/ECF pagination). Petitioner claims the sole basis for the bond decision was the "rejected, unfiled, and unproven allegations" stemming from the 2024 arrest. Id. at ¶¶ 8, 34.

As noted, it is Petitioner's burden to prove he is in custody in violation of the Constitution, laws, or treaties of the United States. See Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (as amended). Petitioner has not submitted evidence to support his assertions that the denial of bond was based solely on the 2024 arrest. Petitioner has not provided a transcript of the bond hearing, audio files, or a declaration attesting to what occurred at the bond hearing. Given the limited record before the Court, reflecting that Petitioner has received a bond hearing, the undersigned finds immediate release is not appropriate at this time. Nonetheless, as Respondents acknowledge, Petitioner is eligible for a Rodriguez bond hearing given he has now been in custody for six months. Respondents assert that "[s]uch Rodriguez bond procedures sufficiently protect Petitioner's liberty interest and mitigate the risk of erroneous deprivation." Ans. at 4. Petitioner contends in his Traverse that ordering another bond hearing would be futile and immediate release is the only adequate remedy, but concedes that under the shifted burden of a Rodriguez hearing, "the government would be required to affirmatively prove

not merely assert that th[e] arrest makes Petitioner a danger to the community" and "[r]ejected charges to prosecute a person, standing alone, is unlikely to satisfy that burden." Trav. at 9-10. The Court finds a <u>Rodriguez</u> bond hearing at which the government bears the burden of proof by clear and convincing evidence is appropriate. As such, the alternative request for a bond hearing is granted and, as Petitioner's primary relief sought was in the alternative, with one alternative being new bond hearing at which the government bears the burden of proof by clear and convincing evidence, the Court having granted such relief denies the remaining requests for relief as moot.

### IV.

### ORDER

IT THEREFORE IS ORDERED that Judgment shall be entered:

(1) Granting the Petition, in part, with Respondents ORDERED to provide Petitioner an individualized <u>Rodriguez</u> bond hearing before an immigration judge within seven (7) days of this Order at which the government shall bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community, with instructions that the immigration judge provide a reasoned decision if bond is denied and, if such hearing is not provided within seven days, Respondents are ordered to release Petitioner; and

(2) Denying and dismissing the Petition in all other respects without prejudice.

Dated: May 20, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

4